UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CRIMINAL CASE NO. 18-48-DLB-CJS

UNITED STATES OF AMERICA                                 PLAINTIFF

v.                      **MEMORANDUM ORDER**

MICHAEL B. CLARK                                     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant Michael B. Clark's Motion for a New Trial. (Doc. # 63). The government having responded, (Doc. # 65), and the time for Defendant to reply having expired, *see* LCrR 12.1(d), the motion is now ripe for the Court's review. For the reasons set forth herein, Defendant's Motion for a New Trial, (Doc. # 63), is **denied**.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On November 8, 2018, a federal grand jury indicted Defendant Clark. (Doc. # 1). The Indictment charged Defendant with twelve counts of distributing child pornography. *Id.* A Superseding Indictment was returned on April 11, 2019, charging the same conduct, but reducing the number of counts from twelve to five. (Doc. # 32). The case went to trial, during which Defendant argued that some other individual, without the Defendant's knowledge, had downloaded and distributed the child pornography found on Defendant's computers. *See* (Doc. # 58 at 19). The "heart of the defense" was that Cody Thierauf, a friend of the family, "had the knowledge and ability to illegally access the Defendant's

1

computers for illegal purposes." (Doc. # 63 at 1). At the conclusion of the four-day trial, the jury convicted Defendant of all five counts. (Doc. # 56).

On September 24, 2019, Defendant moved for a new trial, claiming new evidence had come to light. (Doc. # 65 at 1). In support of his motion, Defendant submitted a thumb drive containing a video narrated by Defendant's daughter, Erica Atwood, showing a Pinterest page allegedly belonging to Mr. Thierauf. (Doc. # 63). The video is timestamped September 20, 2019. *Id.* The video shows that on Mr. Thierauf's Pinterest page in a folder labeled "Stuff" there is a graphic titled "Everything You Wanted to Know About Tor and the Deep Web." *Id.* The graphic explains what the deep web is and how to access it. *Id.* Defendant claims that the discovery of this Pinterest page warrants vacating the jury's verdict and setting this matter for a new trial. (Doc. # 65 at 1).

## II. ANALYSIS

A new trial may be granted pursuant to Rule 33 of the Federal Rules of Criminal Procedure "if the interest of justice so requires." Fed. R. Crim. P. 33. New trial motions "are disfavored and should be granted with caution." *United States v. Willis*, 257 F.3d 636, 645 (6th Cir. 2001). To succeed on a motion for a new trial based on newly-discovered evidence, "the defendant must show that the evidence (1) was discovered only after trial, (2) could not have been discovered earlier with due diligence, (3) is material and not merely cumulative or impeaching, and (4) would likely produce an acquittal if the case were retried." *United States v. Barlow*, 693 F.2d 954, 966 (6th Cir. 1982). The defendant bears the burden "of demonstrating the need for a new trial." *United States v. McLain*, 9 F. App'x 463, 465 (6th Cir. 2001).

Here, Defendant has not made the necessary showing to warrant a new trial. Even if the Court accepts Ms. Atwood's claim that she discovered Mr. Thierauf's Pinterest page after the trial, (Doc. # 63), Defendant has not satisfied the remaining *Barlow* factors. First, Defendant does not explain why the Pinterest page "could not have been discovered earlier with due diligence." *Barlow*, 693, F.2d at 966. Second, Defendant does not show how the Pinterest page is "not merely cumulative or impeaching" evidence. *Id.* In his testimony at trial, Mr. Thierauf already "admitted being proficient with computers and boast[ed] about his skills." (Doc. # 65 at 3). This newly-discovered Pinterest page is merely additional evidence of Mr. Thierauf's computer knowledge. Finally, Defendant does not demonstrate how presenting the Pinterest page would "produce an acquittal if the case was retried." *Barlow*, 693, F.2d at 966. At trial, the jury heard evidence of Mr. Thierauf's computer skills, of the files indicative of child pornography found on multiple devices at Defendant's home, and of Defendant's fabrication of evidence. (Doc. # 65 at 3). When considered in context with the all the evidence presented against Defendant at trial, one graphic about the deep web on a Pinterest page allegedly created by Mr. Thierauf is not enough to prove that there would likely be an acquittal if the case was retried. Simply put, Defendant has not met his burden of proof to show that a new trial is warranted. Therefore, Defendant's Motion for a New Trial, (Doc. # 63) is **denied**.

## III.  CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Defendant's Motion for a New Trial, (Doc. # 63), is **denied**.

This 5th day of November, 2019.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2018\18-48 Mtn for New Trial MOO.docx