**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CRIMINAL CASE NO. 18-48-DLB-EBA
CIVIL CASE NO. 23-12-DLB-EBA

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.        **ORDER ADOPTING REPORT AND RECOMMENDATION**

MICHAEL B. CLARK                                                                     DEFENDANT

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

This matter is before the Court upon the March 17, 2023 Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 148), wherein he recommends that the Court deny Defendant Clark's Motion to Vacate, Set Aside, or Correct his sentence and conviction pursuant to 28 U.S.C. § 2255 (Doc. # 136). Defendant having filed Objections (Doc. # 158), the R&R is ripe for the Court's consideration. Since filing his Objections, Clark has filed several motions related to his underlying claims: a Motion to Compel Order Regarding Return of All Property (Doc. # 167), a Motion to Compel KCPD to Produce BWC Policy and Video Evidence Logs (Doc. # 168), and a Motion to Object to Denial of Rule 59 Motion (Doc. # 169).

For the reasons that follow, Defendant's objections are **overruled**, the R&R is **adopted** as the opinion of the Court, and Defendant's § 2255 petition is **denied**; Defendant's Motion to Compel Order Regarding Return of All Property is **granted in part** and **denied in part**; Defendant's Motion to Compel KCPD to Produce BWC Policy and

1

Video Evidence Logs is **denied**; and Defendant's Motion to Object to Denial of Rule 59 Motion is **denied as moot**.

I.      **FACTUAL & PROCEDURAL BACKGROUND**

In September 2019, a jury found Clark guilty of five counts of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). (Docs. # 56 and 59). This conviction was precipitated by the police executing search warrants of Clark's home including several laptops—specifically an Apple MacBook Pro, Acer Aspire, and Compaq Presario—and a USB drive that were believed to contain child pornography. The police suspected that the USB drive, which was never found, had child pornography transferred to it and was titled "Mike's 64GB" while the child pornography found on the Acer and Compaq laptops were in a user folder labeled "Mike." (Docs. # 107 at 75-76 and 112 at 18 and 128 at 14). At trial, Clark presented a defense theory that child pornography was on the Acer and Compaq computers prior to his ownership. In support, Clark presented PC Repair Shack invoices that the owner of the shop later deemed fabricated while testifying. (Doc. # 109 at 46).

Clark appealed his conviction to the Sixth Circuit Court of Appeals arguing that (1) there was insufficient evidence to convict; (2) this Court erred in admitting an audio recording of his interview with police, evidence of child pornography on the Acer and Compaq laptops, and the repair shop invoices; and (3) this Court erred in permitting family friend, Cody Thierauf, to testify about Clark's knowledge of computers, all of which the Sixth Circuit rejected in affirming his conviction. (*See* Doc. # 128-1, *United States v. Clark*, 24 F.4th 565 (6th Cir. 2022).

Now, Clark has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct, his Sentence. (Doc. # 136). After briefing, Judge Atkins entered his R&R in which he addressed each of Clark's grounds for his § 2255 Motion and recommended that the Motion be denied. (Doc. # 148). While Clark had the right to file objections to Judge Atkins' R&R within fourteen days, he failed to do so, which led this Court to enter an Order and Judgment adopting Judge Atkins' R&R approximately one month after the R&R was entered. (Docs. # 151 and 152). Clark then filed several letters indicating that he had not received the R&R (Docs. # 155, 156, and 157), so the Court vacated its prior Order and Judgment to consider Clark's Objections, which he later filed.

## II.     ANALYSIS

### A.     Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion." Under Federal Rule of Criminal Procedure 59(b)(1), following a magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations." *Id.* Therefore,

3

"vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

### B. Defendant Clark's Objections

Unfortunately for Clark, his purported objections fail to amount to actual objections; rather, they simply disagree with Judge Atkins' conclusions and restate arguments already addressed in the R&R. Additionally, Clark almost entirely fails to cite specific portions of the R&R or provide supporting authority for any of his claims. Nonetheless, the Court will explain why Clark's arguments fail to rise to the level of an objection.

At the outset, the Court notes that Clark repeatedly argues that he was entitled to file a reply brief and that Judge Atkins erred in not considering his reply brief. (Doc. # 158 at 2, 8, and 11). However, Judge Atkins addressed this in the first paragraph of his R&R in which he correctly indicated that Clark is not entitled to a reply brief and that it was unwarranted here. (Doc. # 148 at 1). This Court agrees that Clark is not entitled to a reply brief. *See United States v. Duerson*, No. 5:19-CR-130-DCR-EBA, 2023 WL

4

2240800, at *5 (E.D. Ky. Feb. 27, 2023) (explaining that defendants are not entitled to a reply brief in the § 2255 context).

Clark also makes several claims that his lawyer completely failed him, which amounted to ineffective assistance of counsel. He argues that his lawyer should have never stated that *Miranda* warnings were not necessary in this case (Doc. # 158 at 1); his lawyer failed to capitalize on his great-nephew's potential culpability (*id.* at 3, 9); his lawyer essentially stripped him of his right to testify at trial (*id.* at 6); his lawyer failed to request body camera footage of the search of Clark's residence (*id.*); his lawyer should have called their expert, Mr. Matt Curtin, to testify (*id.* at 7); his lawyer should have objected to counts four and five of the Indictment as multiplicitous (*id.*); his lawyer failed to impeach the United States's witness, Mr. Tom Bell, with an email received from the United States (*id.* at 9-10); and his lawyer failed to object to the display of the alleged child pornography at trial (*id.* at 5). These are not valid objections because Clark already raised them before Judge Atkins, and Judge Atkins addressed most of them in his analysis. More importantly, this Court is convinced by Judge Atkins' analysis.

Judge Atkins noted that there is "a strong presumption that counsel's conduct falls within the wide range of reasonabl[e] professional assistance." (Doc. # 148 at 4 (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That is, Clark must show that his lawyer "made errors so serious that [he was] not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." (*Id.* at 4-5). Furthermore, Clark must show that the outcome of his proceedings would have been different if not for those errors. (*Id.* at 5).

As to Clark's claim that his lawyer should never have stated that *Miranda* warnings were not necessary in his case, Clark misses the boat. The portion of the record he discusses refers to this Court, not Clark's counsel, clarifying that Clark was not in custody and therefore *Miranda* warnings were not necessary as a matter of law. (Doc. # 121 at 22-23). Judge Atkins noted this in his R&R. (Doc. # 148 at 2 n.1). The Sixth Circuit addressed Clark's *Miranda* argument on appeal, when it deemed his claim waived and forfeited. (Doc. # 128 at 11-13). Therefore, this objection is without merit.

Next, Clark's claim that his lawyer failed at trial to capitalize on his great-nephew, J.B., and his alleged involvement with child pornography was "proof of deficient performance," has already been addressed by Judge Atkins. (Docs. # 148 at 5-6 and 158 at 3). As Judge Atkins noted, Clark's counsel states in an affidavit that Clark's claims that he had proof of J.B. downloading child pornography to Clark's laptop were inaccurate and would not have withstood cross-examination. (Docs. # 147-1 and 148 at 6). Even more importantly, Clark *agreed* that it was better to consider *other individuals* as potential scapegoats. (Doc. # 147-1 at 2). Clark has provided no evidence to the contrary, so Judge Atkins rightfully rejected these grounds for deficient performance. Thus, this objection is also without merit.

Clark then argues that he was not able to exercise his right to testify at trial because his lawyer told him not to address the Court and that he ran the risk of angering the Court if he did. (Doc. # 158 at 6). Again, Judge Atkins addressed this issue. He rejected this argument because the record established that the Court informed Clark of his right to testify, Clark indicated he understood that right, and he still failed to signal any kind of disagreement with his lawyer's statement that he chose not to testify. (Doc # 148 at 11-

12). As explained by Judge Atkins, the burden is the defendant's to "alert the trial court that he desires to testify or that there is *disagreement with counsel* regarding whether he should take the stand." (*Id.* (citing *Gonzales v. Elo*, 233 F.3d 348, 357 (6th Cir. 2000) (emphasis added)). Clark did not do so, and because Judge Atkins fully addressed this argument, the objection fails.

Clark argues several times that his lawyer failed to request, and introduce at trial, the body camera footage of the police's search and interview of him. (Doc. # 158 at 3, 6). Judge Atkins also addressed this. Both the United States and Clark's counsel have indicated that the United States produced all discoverable evidence. (Docs. # 147 at 3 and 147-1 at 3). Moreover, the United States has provided an email from the Kenton County Police Department indicating that no such footage exists. (Doc. # 147-3). Clark's lawyer is not David Copperfield—he cannot make body camera footage appear out of thin air when everyone else involved in the matter has indicated there is none. Needless to say, this fails to amount to an objection.[1]

Clark then advances another argument that he brought before Judge Atkins: his lawyer was deficient for not putting Mr. Curtin, the defense expert, on the stand. (Doc. # 158 at 7). Judge Atkins was not convinced. In his view, Clark failed to articulate a basis to conclude that the decision to not call Curtin was objectively unreasonable. (Doc. # 148 at 13). Clark simply speculated as to what Curtin could have testified—which he still does in his Objections—even though Clark's counsel indicated that he, Clark, and Curtin determined it would be better strategy to rely on the cross-examination of the United

---

[1] Clark also argues that the footage would reveal that one of the officers involved in the search of his home forced his daughter to change in front of him. (Doc. # 158 at 4). Judge Atkins found these claims both ridiculous and baseless, and this Court agrees. (Doc. # 148 at 12). Regardless, the footage is unavailable so there is nothing to corroborate Clark's version of events.

States's expert instead of calling Curtin to testify. (*Id.* at 14; Doc. # 147-1 at 4). This objection is refuted by the record, and is therefore rejected.

Clark repeatedly argues that his lawyer should have acted on the multiplicitous counts four and five of the Indictment. (Doc. # 158 at 2, 7, and 8). Judge Atkins rejected this argument because (1) it was procedurally defaulted because it should have been raised on appeal, so (2) Clark failed to satisfy the criteria for review of a procedurally defaulted claim. (Doc. # 148 at 14-16). Importantly, Judge Atkins noted that Clark was sentenced to concurrent and not consecutive terms so there was no actual prejudice. (*Id.* at 16). Clark's response is that Judge Atkins' reasoning is "arrogant and cold-hearted." (Doc. # 158 at 7). This Court disagrees; Judge Atkins' reasoning is simply true. The Court's June 2020 Judgment reflects a sentence of 192 months "all to run concurrent." (Doc. # 94 at 2). Additionally, as noted by Judge Atkins, a failure by counsel to object does not usually constitute ineffectiveness. (Doc. # 148 at 15). While Clark disagrees and states that the jury seeing him charged with more counts was prejudicial to him, this runs afoul of this Court's instructions to the jury, which informed the jurors to disregard the Indictment as it relates to guilt and prohibited them from considering the potential punishment of Clark in their decision-making. (Doc. # 58 at 3 and 32). Thus, Clark's protestations about his counsel on this point are without merit and are therefore rejected.

Clark makes an argument that his lawyer should have disclosed to him an email from the United States indicating that its witness, Tom Bell, had been found viewing child pornography at work and that he "could quite possibly be a pedophile." (Doc. # 158 at 9). While Judge Atkins did not address this allegation, this Court still finds this allegation fails to amount to an objection because it is a baseless claim with no support in the record.

8

Even if the Court believed Clark's new-found allegation, he has nothing to prove the United States sent an email regarding Tom Bell to his counsel other than his ambiguous assertions in his objections. This wholly fails to amount to an objection.

Finally, Clark takes issue with his lawyer's failure to object to the display of the alleged child pornography at trial. (Doc. # 158 at 5). Clark argues that the "ultra-inflammatory" images of child pornography displayed to the jury not only prejudiced him but also amounted to the United States disseminating child pornography. (Doc. # 158 at 5). Clark goes so far as to state that "the government should pay restitution to [the victims] too." (*Id.*). Judge Atkins addressed this succinctly. "A child pornography prosecution cannot be sanitized of the evidence of the crime—which here, were the child pornography . . . that [Clark] distributed of real children being victimized." (Doc. # 148 at 10) (quoting *Gray v. United States*, No. 4:16-CV-564, 2017 WL 6558494, at *4 (N.D. Ohio Dec. 22, 2017) (alterations in original)). Clark's lawyer did not perform deficiently, and Clark was not prejudiced by the introduction of these images because the evidence did not call for a verdict for an improper reason. (Doc. # 148 at 10). The government was required to prove that the images distributed by the Defendant satisfied the definition of sexually explicit materials. It was part of its case in chief. Defendant's objections on this point fail.

Independent of his counsel's performance, Clark takes issue with Judge Atkins' R&R because "it does not mention anything about the [*mens rea*] element brought up in [his] claims." (Doc. # 158 at 2). Clark argues that he did not download the file-sharing software, his son did, and therefore he was "not aware of any user agreement to share or distribute any files." (*Id.*). However, Clark did not make this argument in his § 2255 motion; rather, he argued that he was not allowed to testify and that *if he had*, he "would

9

have told the jury that [his son] downloaded [the] software on [his] computer which he used to download music files." (Doc. # 136 at 9). Judge Atkins already addressed Clark's claims related to his right to testify, but Clark simply misunderstands the analysis. Moreover, the Sixth Circuit previously noted that "Clark does not dispute that he knowingly used peer-to-peer software or that the child pornography on his computer was in his shared folder." (Doc. # 128-1 at 11). Accordingly, his purported objection is unconvincing.

Clark also argues that Judge Atkins did not address his specific claim that the file-sharing software "Libtorrent" was not found on Clark's MacBook Pro even though Detective Kush testified that it was found on the device. (Doc. # 158 at 2). However, there was evidence that the file-sharing software associated with child pornography downloads was found on Clark's MacBook Pro, as discussed by the United States. (Doc. # 126 at 15). While Libtorrent was mentioned by Detective Kush, he made clear that it is just another interface for file-sharing. (*Id.* at 132). So, even if the Court took Clark's assertions at face-value, it still would not change the presence of child pornography on the device. Therefore, the title of the file-sharing client is irrelevant so long as child pornography was downloaded on to the device, which was thoroughly proven as to the MacBook Pro. Even Clark seemingly agrees to this as he tries to indicate other people were responsible for the child pornography on the device, as discussed above. Therefore, while this may have changed the operative language that Detective Kush used, it would not have changed the outcome of the proceedings.

Clark further argues that Judge Atkins erred in finding that video evidence of Clark's MacBook Pro sitting in his car during some of the purported downloads was insignificant. (Doc. # 158 at 3). He argues that someone had to be present to move the

10

files into a shared folder. (*Id.*). As noted by Judge Atkins, both the United States' and defense experts agreed that the BitTorrent software *didn't require a person to operate the laptop at the time of distribution*. (Doc. # 148 at 7 (citing Doc. # 147-1 at 4)). Later in his Objections, Clark even seems to admit this. (Doc. # 158 at 4 ("While distribution of CP 'didn't require a person to operate the laptop at the time of distribution. . . . '")). Clark's argument is misguided and therefore fails to amount to a proper objection.[2]

Clark argues that the entirety of his non-custodial interview should have been played at trial instead of only portions helpful to the United States. (Doc. # 158 at 4). Clark believes that if the entire recording would have been admitted, the jury would have been convinced by his statements, such as he has only used IMDB to download movies and that he was unfamiliar with torrents. (*Id.* at 4-5). He couples this with an argument about Federal Rule of Evidence 106 and completeness. (*Id.* at 5). Unfortunately, Clark's explanation fails to recognize that his self-serving statements were not admission of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A). His statements, when offered against him by the government, were not hearsay statements. Any statements of his offered by him would be hearsay as they would not have qualified as admissions of a party opponent.

Moreover, as Judge Atkins explained, "Clark doesn't attempt to explain why admitting the full recording at trial was necessary to explain the admitted portion, nor does he argue why doing so would be proper or exculpatory." (Doc. # 148 at 8). While Clark now makes an attempt to do so, it is unconvincing for the reasons stated in the preceding

---

[2] Clark's argument related to the existence of child pornography on the MacBook Pro prior to his ownership also fails because he was indicted for downloads that occurred after he took possession of the computer, as discussed by Judge Atkins. (Doc. # 148 at 7).

paragraph. Clark's assertion that the "full recording was necessary for the jury to hear the whole truth," is equally uncompelling. (Doc. # 158 at 5). His own self-serving statements about movie downloads and unfamiliarity with torrent software were hearsay statements and would not have been Clark's silver bullet -- this fails to amount to an objection. *See United States v. Gallagher*, 57 F. App'x 622, 628 (6th Cir. 2003) (noting that the defendant's own self-serving exculpatory statements were hearsay unaffected by Rule 106 and were properly excluded by the district court).

Finally, Clark argues that Judge Atkins was incorrect in stating that the location of the child pornography on Clark's device was irrelevant. (Doc. # 158 at 5). Clark furthers that he had no knowledge of files that were in hidden folders and—had the jury known that—the outcome of his trial would have been different. (*Id.*). As Judge Atkins noted, Clark concedes that over 200 complete child pornography files were found on his computer. (Doc. # 148 at 10). Clark still completely fails to show how his counsel's decision not to ask about hidden folders at trial amounts to deficient performance.

For all these reasons, Clark's objections lack merit, and are **overruled**.

**C.    Motion to Compel Order Regarding Return of All Property**

Clark has filed a Motion requesting that his seized property that was part of the United States' evidence, including his Apple Mac Mini, be returned to him. (Doc. # 167 at 1-2). However, this Court already entered an Order that declined to return the Mac Mini to Clark because he was not entitled to the return of contraband. (Doc. # 143 at 4). As to the remaining items, the United States has agreed that items # 1, 4, 5, 6, 7, and 9-16 (not 8 which is the Mac Mini) can be returned to Clark, so the Court will **grant the**

**motion in part** and order the return of those items from the Kenton County Police Department to the Defendant or someone on his behalf. (Doc. # 145).

### D.    Motion to Compel KCPD to Produce BWC Policy and Video Logs

Clark requests the Court order the Kenton County Police Department to produce its body camera policy and the video evidence logs from April 5, 2018. (Doc. # 168 at 1). As discussed at length, the footage is unavailable, and the logs would thus be unhelpful too. Consequently, the Court will **deny** Clark's Motion.

### E.    Motion to Object to Denial of Rule 59 Motion

Clark filed a Motion to Object to the denial of his Rule 59 Motion (Doc. # 154) in this Court's prior Order (Doc. # 164). Clark's new Motion to Object (Doc. # 169) ignores that the Court denied his prior motion as moot *because it vacated its prior Order* to allow for consideration of Clark's objections. (Doc. # 164 at 2). Therefore, this Motion will be **denied as moot** because Clark has had the opportunity to object and this Court has discussed his failed objections at length in this Order.

### III.   CONCLUSION

Ultimately, Defendant has failed to raise any meritorious legal objections to Magistrate Judge Atkins' Report and Recommendation. Accordingly, **IT IS ORDERED** as follows:

(1)    Defendant Clark's Motion to Compel Order Regarding Return of All Property (Doc. # 167) is **GRANTED IN PART AND DENIED IN PART**;

   (a)    The Kenton County Police Department shall release the following items to Defendant, or his authorized representative, as noted in the Kenton County Police Department Log (Doc. # 145-1):

    (i)  Viziw Monitor, Model #D24-d1, Serial #LTT6UNCS2409725

    (ii)  Samsung Galazy S8+

    (iii)  Acer Aspire Laptop, Serial # 75003779216

    (iv)  Sony 4GB (1), SanDisk 4GB (2), SDHC 8GB (1), Extreme 8GB (1)

    (v)  Thumb Drive 4GB

    (vi)  Android Cell Phone with pink case

    (vii)  8Gb (1), 4Gb (1) & 1Gb (1) Thumb Drives

    (viii)  1Gb (1) Thumb Drive

    (ix)  SD Card 16Gb (1)

    (x)  Galaxy Note with case

    (xi)  Galaxy Note Edge

    (xii)  32Gb SD Card (1)

    (xiii)  XBOX Ultimate Alliance with unmarked discs;

  (2)  Defendant Clark's Motion to Compel KCPD to Produce BWC Policy and Video Evidence Logs (Doc. # 168) is **DENIED**;

  (3)  Defendant Clark's Motion to Object to Denial of Rule 59 Motion (Doc. # 169) is **DENIED AS MOOT**;

  (4)  The Magistrate Judge's Report and Recommendation (Doc. # 148) is **ADOPTED** as the opinion of the Court;

  (5)  Defendant Clark's Objections (Doc. # 158) to the Report and Recommendation are **OVERRULED**;

(6) Defendant's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 136) is **DENIED**;

(7) The Court determines there would be no arguable merit for appeal in this matter and, therefore, **NO CERTIFICATE OF APPEALABILITY SHALL ISSUE**; and

(8) A separate Judgment shall be filed concurrently herewith.

This 10th day of August, 2023.



Signed By:
*David L. Bunning*
United States District Judge

K:\DATA\ORDERS\Covington Criminal\2018\18-48 Order Adopting R&R Decision.docx